UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 17-cr-108-pp

DEVONTEA M. WALTON,

Defendant.

---

**ORDER DENYING AS MOOT DEFENDANT'S LETTER MOTION FOR REDUCTION OF SENTENCE (DKT. NO. 176)**

---

Just over sixteen months ago, on May 27, 2025, the court received a motion from the defendant asking the court to reduce his sentence under 18 U.S.C. §3582(c). Dkt. No. 176. The motion explained that the defendant was requesting "compassionate release" because he had been hospitalized from an overdose; because his brother had died from an overdose; because he had not been receiving help or medication from the Bureau of Prisons ("BOP"); and because his stepfather was very sick and his mother needed help. Id. at 6. His motion listed his projected release date as March 24, 2026. Id. at 3. In a section of the form which explained that he needed to raise the issue of compassionate release with the warden of his institution before seeking court relief, the defendant checked a box asserting that "No, I did not submit a request for compassionate release to the warden." Id. at 3. In the lines provided

for explanation, the defendant wrote that he was told to stop crying and do his time. Id.

The court regrets that it did not turn to the defendant's motion sooner. But had the court done so, it likely would have dismissed the defendant's motion because of the defendant's admission that he had not raised this issue with the warden of his institution before filing in court. Without first taking that step, the law does not allow the court to provide the relief the defendant requested. Under 18 U.S.C. §3582(c)(1)(A), the court "*may not* modify a term of imprisonment" on the defendant's own motion until "after the defendant has fully exhausted all administrative rights to appeal" the warden's denial or "the lapse of 30 days from the receipt of such a request by the warden, whichever is earlier." Id. (emphasis added); see also United States v. Sanford, 986 F.3d 779, 792 (7th Cir. 2021).

That said, the court did not timely address the defendant's motion, and it again apologizes for its delay. Although there is no justification for the court's delay, it has eliminated the need for the defendant's motion because the defendant has been released from custody. The motion asserted that the defendant's release date was scheduled for March 24, 2026. Dkt. No. 176 at 2. The BOP's inmate locator tool states that the defendant was "not in BOP custody" as of May 15, 2026. https://www.bop.gov/inmateloc/ (last visited Oct. 2, 2026). And on October 9, 2026, the court received a report from the probation office stating that the defendant's supervision commenced on May 15, 2026. Dkt. No. 178.

"A defendant's 'release from prison renders moot his pursuit of compassionate release' because there is not further relief a court can grant." United States v. Cochran, Appeal No. 21-3209, 2022 WL 3998591, at *1 (7th Cir. Sept. 1, 2022) (quoting United States v. Shorter, 27 F.4th 572, 575-76 (7th Cir. 2022)). Because the defendant's grounds for compassionate release stemmed from his incarceration, his release accomplished all the relief this court could have provided him.

The court **DENIES AS MOOT** the defendant's motion for compassionate release. Dkt. No. 176.

Dated in Milwaukee, Wisconsin this 21st day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**